USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/20/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

BRUCE LEWIS, JACQUELINE GRAHAM, ANTHONY VIGNA, ROCCO CERMELE, PAULA GUADAGNO,

Defendants.

No. 16-CR-786 (NSR)-1
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

This case concerns a single count indictment that charges the Defendant Bruce Lewis ("Defendant"), and his co-Defendants (collectively, "the Defendants"), with conspiracy to commit mail fraud, wire fraud, and bank fraud, in violation of 18 U.S.C. §§ 1341, 1343, and 1344. (Indictment at ¶ 11, ECF Doc. No. 2.) On December 1, 2017, this Court held a *de novo* Bail Hearing at which Defendant requested this Court release Defendant Lewis on bail. For the following reasons and those articulated during the proceedings on December 1, 2017, the Defendant's bail application is DENIED.

## Background

On November 29, 2016, Defendant Lewis and his co-Defendants were charged in a one count indictment with mail fraud, wire fraud, and bank fraud in connection with the administration of a company known as the Terra Foundation ("Terra"). (Indictment at ¶ 1.) Defendant Lewis and his co-Defendants were partners who owned and operated Terra. (*Id.*) The Indictment alleges that from 2011 to in or about 2012, the Defendants conspired to engage in a scheme to defraud financial institutions and Terra's clients by soliciting mortgage borrowers who were having difficulties making payments on their mortgage loans. The Defendants promised their clients that in exchange for a fee, Terra could eliminate their mortgage debt through a three-

1

step procedure involving: (1) an audit; (2) a request to the client's mortgage lender; and (3) the filing of a discharge of mortgage in the local clerk's office. (*Id* at ¶ 6–7, 9–10.) During their operations, Terra allegedly filed nearly sixty false mortgage discharges, some which were signed by Defendant Lewis, with an aggregate loan principal of over $33 million. (*Id.* at ¶ 8.)

Defendant Lewis was arrested on December 21, 2016 and arraigned on the same day by Magistrate Judge Paul E. Davison. On September 19, 2017, this Court granted Defendant Lewis's application to proceed *pro se*. Magistrate Judge Judith C. McCarthy denied the Defendant's first request for bail on October 27, 2017. For the following reasons, this Court also denies Defendant's request for bail.

## Standard of Review

A District Judge reviews a Magistrate Judge's decision on a bail application *de novo*. *United States v. Kirkaldy*, No. 98-1680, 1999 WL 357847, at *1 (2d Cir. May 26, 1999); *United States v. Leon*, 766 F.3d 77, 80 (2d Cir. 1985); *United States v. Sierra*, 99-CR-962 (SWK), 1999 WL 1206703, at *1 (S.D.N.Y. Dec. 16, 1999). Accordingly, a District Court must independently analyze the factors laid out in the Bail Reform Act to determine whether there is any "condition or combination of conditions [that] will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142; *Kirkaldy*, 1999 WL 357847, at *1.

Typically, the Government bears the dual burden of proving by a preponderance of the evidence that the Defendant is a flight risk and that no condition or combination of conditions could be imposed on the Defendant that would reasonably assure his presence in court. *United States v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007); *See* 18 U.S.C. § 3142(f); *Fama*, 2013 WL 2467985, at *1. Alternatively, the Government must prove by clear and convincing evidence

2

that the Defendant presents a danger to the community. *Fama*, 2013 WL 2467985, at *1. In making its determination, the Court must consider the four factors listed in 18 U.S.C. § 3142(g): (1) "the nature and circumstances of the offense charged;" (2) "the weight of the evidence against the person;" (3) "the history and characteristics of the person;" and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." § 3142(g) (1)–(4). In some circumstances, the charged conduct triggers a statutory presumption that no such conditions exist. *See* 18 U.S.C. § 3142(e)(3); *See e.g., United States v. Fama*,13-CR-234(JFK), 2013 WL 2467985, at *1 (S.D.N.Y. June 7, 2013). This is not such a circumstance.

## Discussion

Defendant Lewis is charged with conspiracy to commit mail fraud, wire fraud, and bank fraud, in violation of 18 U.S.C. §§ 1341, 1343, and 1344, which carries a thirty year maximum term of imprisonment. (Indictment at ¶ 11; Transcript at 13:15.) A charge of this nature requires the Government to prove whether the Defendant is a flight risk or if he is a danger to the community. The Government contended, first, that Defendant is a flight risk and that there is no condition or combination of conditions that the Court could set to ensure that the Defendant appears in Court and, second, that Defendant Lewis presents a danger to the community. (Transcript at 20:10–15.)

The Government alleged that Defendant was a flight risk for several reasons. First, because the Defendant considers himself a "sovereign citizen" which means, as the Defendant Stated in "his own words[,] that he does not believe the law applies to him." (*Id.* at 21:6–7.) The government pointed to Defendant Lewis' own writings in the form of email communications which were uncovered during the Government's investigation and where the Government

3

believes the Defendant represents himself as a sovereign (*Id.* 14–18), although it appears that the Defendant now holds himself out to be an "Alaskan National." (*Id.* 23:5–6.) In sum, the Government argues that the Defendant believes the law does not apply to him. (*Id.* 22:15.)

Second, the government pointed to the Defendant's extensive criminal history. That history includes drug cases, a carjacking, larceny, theft, robbery, and drug use. (*Id.* 24:7–9.) Further, his criminal history includes, under the Government's count, 50 bench warrants (in contrast to the Defendant's count of 20 to 25 bench warrants). (*Id.* at 23:18–22.)

Third, the Government noted that Defendant also has no contacts with the community of New York (*Id.* at 24:10–11), has no financial resources, nor does he have anyone willing to cosign for him. (*Id.* at 24:18; 25:15–16.) The Defendant also did not provide the Government or this Court any proof pertaining to a place to stay if granted bail. (*Id.* 25:7–14.) Defendant has only mentioned, without substantiating his claim, that a diplomat for the country of Guinea-Bissau wanted to lend him an apartment in New York City and offer him a position as an attorney. (*Id.* 24:22–25.) These facts, the Government averred, cannot reassure this Court that Defendant is not a flight risk. There would be no reason for him to stay in the New York area, and no incentive to do so (*Id.* at 25:21–25.)

Finally, the Government alleged that Defendant Lewis is a danger to the community because of his criminal history. Defendant Lewis, according to the Government, is an "economic danger" to the community as a result of the economic loss in this case, which could be measured up to $58 million. (*Id.* 26:3–6, 12–14; 27:11.) The Government noted that they would "rest primarily on risk of flight." (*Id.* 27:6.)

During the bail proceeding before this Court, Defendant Lewis, proceeding *pro se* and with the active assistance of standby counsel, Domenick J. Porco, argued that he was not a flight risk and did not pose a danger to society.

Defendant Lewis primarily argued that he was not a flight risk because he is old, he is in poor health (he is a diabetic (*Id.* 8:19–22)), and he has a commitment and obligation to fight this case. (*Id.* at 6:15–20.) In order to confront his case, Defendant argued, he cannot be incarcerated because his facility lacks the necessary resources. (*Id.* 6:21–25; 7:1–5.) Defendant also argued that he is not a flight risk because, although he has a history of failing to comply with state bench warrants (*Id.* 12:2–3), Defendant has a history of complying with bail requirements in federal court. (*Id.* 11:21–22.) Defendant specifically noted that during a prior federal case, he was released on $100,000 bail and was able to fly back and forth from Alaska to the Southern District of California during the course of three and a half years, until he was sentenced. (*Id.* 8:6–13.)

When referring to community ties, Defendant Lewis noted that he is not from New York and that he had never been to New York until "December 20" (presumably of 2016 around when he was arrested). (*See id.* 5:2–5.) Defendant held himself out to be an Alaskan National when questioned about his residence, and noted that he spent time in the state of Washington. (*Id.* 5:11–14.) Defendant further claimed that he had a place to stay in New York (*Id.* 8:1–2), but as previously discussed, did not provide any evidence to substantiate his claim. Finally, Defendant Lewis noted that he was willing to abide by any conditions the Court deemed necessary including home confinement or an ankle bracelet. (*Id.* 8:2–5.)

Defendant Lewis was "shocked" that the Government argued that he was a danger to the community. (*Id.* 8:23–24.) Defendant argued that if he were actually a threat to society, then the Government would not have waited so long to bring charges against him for conduct that

occurred six years ago. (*See id.* 9:5–10.) Further, Defendant argued that it is a fiction that he is a danger to society because the alleged acts occurred six years ago, and there is no evidence that the Defendant engaged in similar actions ever since. (*Id.* 10:10–12, 17–21.)

This Court denies Defendant Lewis' application. Simply stated, Defendant Lewis has no ties to New York, he has not offered information evincing a place to stay if granted bail, and he has a substantial history of bench warrants, indicating an inability to adhere to court directives. Furthermore, Defendant allegedly caused substantial economic loss through his alleged actions and faces a considerable term of incarceration (a maximum of thirty years), thus increasing his incentive to flee. *See United States v. Dreier*, 596 F. Supp. 2d 831, 833 (S.D.N.Y. 2009). Considering Defendant's criminal history along with a history of extensive bench warrants, lack of community ties, and failure to provide a proof of a potential residence, the Court determines that the Government demonstrated by a preponderance of the evidence that the Defendant is a flight risk such that there are no conditions which the Court may set which would guarantee the Defendant's reappearance in Court.

### Conclusion

For the foregoing reasons, and those articulated on the record at the December 1, 2017 hearing, Defendant's application is DENIED.

Dated: December 20, 2017  
White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge